IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-60,494-01, WR-60,494-02






EX PARTE ROBERT OWEN CHANCELLOR, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19023 IN THE 6TH DISTRICT COURT

LAMAR COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at eighty (80) years'
confinement. Applicant's conviction was affirmed on appeal. Chancellor v. State, No. 06-03-00051-CR (Tex. App. --Texarkana, delivered February 18, 2004, pet. ref'd).

 The Court received the first writ application, No. 60,494-01, on October 26, 2004. 
On December 8, 2004, this Court denied the writ application without written order. This
Court has determined that the writ was denied in error. Accordingly, the Court withdraws
its prior denial of the application without written order and reconsiders that application on
its own motion. Simultaneous with reconsidering the first application, the Court considers
the second application, received by this Court on February 14, 2006.

 Applicant contends that he received ineffective assistance of counsel and that he is
actually innocent. Specifically, he complains that counsel was ineffective when he: failed
to contact a favorable witness before trial, Applicant's parole supervisor Dede Thomas;
improperly impeached a defense witness, Applicant's wife, with inadmissible evidence of
a prior bad act; allowed the State's witness to testify in narrative form; failed to effectively
cross-examine the State's witnesses concerning discrepancies in their descriptions of the
suspect; failed to object to the introduction of evidence obtained by an illegal search and
seizure; and failed to object to an improperly suggestive photo line-up, and the witnesses'
identifications from it. The appellate court found that the record on appeal was insufficiently
developed to resolve many of these claims. 

 Additionally, Applicant asserts that he has newly discovered evidence of actual
innocence, in that an eye witness, Glenna Harper, recently came forward in response to an
advertisement by an actual innocence project, and she will testify that she observed a person
who did not look like Applicant leaving the scene of the offense. Her affidavit, attached to
the application, lacks the specificity needed for a determination of whether the information
she has is sufficiently reliable and exculpatory to support a finding of actual innocence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall hold a hearing and
make findings of fact. 

 The court shall first decide whether Applicant is indigent. If the trial court finds that
Applicant is indigent and Applicant desires to be represented by counsel, the trial court will
then, pursuant to the provisions of Tex. Code Crim. Proc. art. 26.04, appoint an attorney to
represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to the reasons for counsel's conduct, and whether and how such conduct affected the
outcome of the trial. Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The
trial court shall also make findings of fact stating whether, under the circumstances, Glenna
Harper's testimony is credible and reliable, and weighing this testimony against the evidence
of guilt adduced at trial. The trial court shall make findings as to whether Applicant has
proven by clear and convincing evidence that a jury would acquit him based on the newly
discovered evidence. Ex parte Elizondo, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996). The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus. The
trial court shall supplement the habeas record with copies of all documents upon which its
findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE EIGHTH DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.